IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MAURICIO DYER                          )
                                       )
        v.                             )        NO. 3:11-0183
                                       )
MONTGOMERY COUNTY POLICE               )
DEPARTMENT                             )


TO:  Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 1, 2011 (Docket Entry No. 4), the Court referred this action

to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case

management, decision on all pretrial, nondispositive motions and report and

recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to

conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil

Procedure.

The plaintiff brings this action pro se and in forma pauperis for damages against the

Montgomery County Police Department ("Police Department").  The complaint does not

set out a basis for federal jurisdiction or a cause of action, and the plaintiff states the

grounds for his complaint as: "Criminal Negligence with-holding evidence and not properly obtaining evidence; libel." <u>See</u> Complaint (Docket Entry No. 1), at 1. He asserts that, on an unnamed date, he was arrested on an unspecified charge "even though there were witness (sic) to relieve me of it." <u>Id</u>. at 2. He alleges that the police detectives on the scene did not properly question witnesses and did not take pictures of his wounds. <u>Id</u>. Finally, he asserts that the "police dept. also made quotes to the newspaper in a negative light." <u>Id</u>.

Pro se complaints are to be construed liberally by the Court. <u>See</u> <u>Boag v. McDougall</u>, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding <u>in</u> <u>forma</u> <u>pauperis</u> "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. <u>Id</u>. at 327-28; <u>Brown v. Bargery</u>, 207 F.3d 863, 866 (6th Cir. 2000); <u>Lawler v. Marshall</u>, 898 F.2d 1196, 1198-99 (6th Cir. 1990). To state a claim upon which relief can be granted, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. To survive scrutiny under Section 1915(e)(2)(B)(ii), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949). See also Scheid v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). Further, the plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

After review of the plaintiff's complaint, the Court finds that the action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The facts alleged by the plaintiff simply do not support arguable legal claims.

The plaintiff has not asserted a basis for federal jurisdiction over his action. Even if the Court construes the action as invoking federal question jurisdiction under 28 U.S.C. § 1331 because it is brought pursuant to 42 U.S.C. § 1983, the plaintiff has not asserted the violation of a civil right. Section 1983 is not self-executing, but merely provides a method for vindicating federal rights elsewhere conferred. The first step for any claim brought under Section 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). The plaintiff has not satisfied this step by identifying the violation of a constitutional right. Further, he does not state cognizable claims under Section 1983 based on his complaints of "criminal negligence" and libel because allegations of negligence, whether termed "criminal negligence" or simple negligence, will not support a claim under Section 1983, see Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985), nor will allegations of libel. See Paul v. Davis, 424 U.S. 693, 701-03, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Azar v. Conley, 456 F.2d 1382, 1389 (6th Cir.1972).

To the extent that the Court construes the plaintiff's complaint to assert a claim under the Fourth Amendment for false arrest, even though such a claim is nowhere mentioned in the complaint, the complaint fails to set forth factual allegations supporting a claim that he was arrested without probable cause. The plaintiff merely complains about what he believes were deficiencies by the investigating officers in their investigation. Such general

allegations simply do not show that probable cause did not exist at the time the plaintiff was arrested. "A finding of probable cause does not require evidence that is completely convincing or even evidence that would be admissible at trial; all that is required is that the evidence be sufficient to lead a reasonable officer to conclude that the arrestee has committed or is committing a crime." Harris v. Bornhorst, 513 F.3d 503, 511 (6th Cir.), cert. denied, 554 U.S. 903, 128 S.Ct. 2938, 171 L.Ed.2d 865 (2008). See also Gardenhire v. Schubert, 205 F.3d 303, 318 (6th Cir. 2000) (officer does not have to investigate independently every claim of innocence).

Finally, the only defendant named in the action is the Police Department. A claim brought against a municipal governing body must be based upon a theory of municipal liability. For such a claim, the plaintiff must set forth facts showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the Police Department. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Police Department cannot be held liable under a theory of respondeat superior merely because an individual police officer employed by the Police Department acted wrongfully. See Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct.

1197, 103 L.Ed.2d 412 (1989); <u>Doe v. Claiborne County, Tenn.</u>, 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff's complaint does not contain any factual allegations supporting a claim against the Police Department.[1]

## R E C O M M E N D A T I O N

For the reasons set out above, the Court RECOMMENDS this action be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

Because the plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order

---

[1] The Court finally notes that the named defendant is likely not an entity capable of being sued under Section 1983, <u>see</u> <u>Tunne v. Paducah Police Dept.</u>, 2010 WL 323547 (W.D.Ky. Jan. 21, 2010), and the only proper defendant for any municipal claims is probably Montgomery County, Tennessee.

regarding the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466,

88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


Respectfully submitted,



_____
JULIET GRIFFIN
United States Magistrate Judge